UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHAWNA X. HUANG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No: |
| v. | ) |
| | ) |
| A FINE LINE APPAREL LLC, a California | ) |
| Limited Liability Company and | ) |
| ALISIA LEIBEL, a California individual, | ) |
| | ) |
| Defendants. | ) |

**VERIFIED COMPLAINT**

**PRELIMINARY STATEMENT**

1. Shawna X. Huang ("Ms. Huang") is a creative visual artist and designer that creates and sells original artwork.

2. On or about July 23, 2014 Ms. Huang learned that A Fine Line Apparel LLC ("A Fine Line"), owned and operated by Alisia Leibel ("Ms. Leibel") (collectively the "Defendants") have manufactured, distributed, and/or sold apparel bearing one of Ms. Huang's copyrighted works, Le Rouge Warrior (the "Copyrighted Work"). The Defendants' manufacturing and/or distribution and/or sale of Ms. Huang's Copyrighted Work are unauthorized and widespread. Upon information and belief, the Defendants have distributed apparel bearing the Copyrighted Work (the "Copies") to retail outlets around the United States, including Saks Fifth Avenue, Eskell and ShopBop.com, and others, all of whom sell the Copies for approximately $80-$130 a piece.

1

3. To make matters worse, the Defendants' willful infringement of Ms. Huang's work comes mere months after the Defendants contacted Ms. Huang to specifically inquire about the Copyrighted Work.

4. Below is a side-by-side comparison of Ms. Huang's original Le Rouge Warrior (the "Copyrighted Work") and the Copies:



5. On the left is the Copyrighted Work. The middle image (from the Defendants' website, www.afinelineclothing.com) is the Defendants' first use of Ms. Huang's Copyrighted Work on its apparel, and the image on the right is the Defendants' second use of the Copyrighted Work on its apparel (hereinafter, Defendants' apparel bearing Ms. Huang's Copyright Work is collectively referred to as the "Infringing Apparel").

6. The Defendants are in the business of manufacturing, distributing or selling apparel though online and retail outlets in and around the United States.

7. The Defendants were not and are not authorized to produce, manufacture, distribute, sell, or otherwise use the Copyrighted Work (or any of Ms. Huang's work) in any fashion or manner.

8. Ms. Huang brings this Verified Complaint for damages and injunctive relief to bring an end to and seek redress for the Defendants' widespread infringement of her intellectual property rights.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1331 because this case is based upon a federal question.

10. This is an action arising under the Copyright Act, 17 U.S.C. §101 et.al.

11. Venue is proper in this district under 28 U.S.C. §1391 because the Defendants distributed unauthorized copies of Ms. Huang's Copyrighted Work in this district, for which Ms. Huang owns exclusive rights. Furthermore, the Copies are available for online purchase in this District, and the Copyrighted Work was created in this District.

12. The Court has personal jurisdiction over the Defendants because, among other things, they each distributed the Copies in this District and make the Copies available for purchase in this District. Further, the Defendants' merchandise is available for online purchase from this District.

## PARTIES

13. Ms. Huang is an individual residing in Chicago, Illinois.

14. A Fine Line Apparel LLC ("A Fine Line") is a California limited liability company with its principal place of business in Los Angeles, California.

15. Alisia Leibel is the principal moving spirit of A Fine Line, and is an individual residing, upon information and belief, in Los Angeles, California. She derives an economic benefit from A Fine Line, including, but not limited to, a benefit from the revenues generated by A Fine Line.

3

**FACTS**

16. Ms. Huang is the owner of the Copyrighted Work set forth on Exhibit 1, the Warrior Fox illustration.

17. Ms. Huang has submitted the Copyrighted Work for registration with the United States Copyright Office. *See* Exhibit 2.

18. Ms. Huang created the Copyrighted Work in 2012.

19. On or about December 9, 2013 the Defendants contacted Ms. Huang via email and on www.etsy.com ("Etsy"). Ms. Leibel wrote to Ms. Huang as follows: "[I] would love to know if you would commission your fox drawing for my company A FINE LINE. Please let me know! Thank you, alisia". *See* Exhibit 3.

20. Ms. Huang then responded: "Hi Alisia- Can you tell me a little more about it? How will the commission work for printed clothing? Thanks! Shawna". *Id.*

21. Ms. Leibel responded that she would just send Ms. Huang a "check/paypal money" for usage of the Copyrighted Work and asked if Ms. Huang was "good with $400 for the art" and finished by stating "and ill send you a package of clothes from the line : )". *Id.*

22. Ms. Huang never accepted this purported "offer" to purchase Ms. Huang's Copyrighted Work.

23. Ms. Huang's final communication to Ms. Leibel stated: "While it would be great to collaborate, ***I do not give ownership rights to my artwork***. In the past I have collaborated in partnership for a percentage of sale for a limited edition…I am flattered you are interested in printing my art as shirts. I truly appreciate the gesture." *Id.*

24. Ms. Leibel returned Ms. Huang's message on December 9, 2013 and said, in part, "It is a bit difficult to do the percentage without knowing how well it will sell, etc. But I

think a good alternative is if you would consider a fee (you tell me what you would like) for usage for a season/collab. Then we would only do it for a limited season so its not ownership. Its still yours! *We just would like to use it for a tee*! thoughts?" *Id.*

25. No subsequent communication took place between Ms. Huang and Defendants until July 23, 2014.

26. On July 23, 2014, Ms. Huang's friend, Nancy McCabe saw Ms. Huang's Copyrighted Work printed on a t-shirt made by A Fine Line for sale at Eskell, a women's clothing boutique located in this District (in Chicago). Ms. McCabe sent Ms. Huang a text message with a photo of the t-shirt. *See* Exhibit 4, Declaration of Nancy McCabe.

27. Ms. Huang was shocked that the Copyrighted Work was printed without her authorization on the Defendants' product.

28. On July 23, 2014, Ms. Huang made contact with A Fine Line via email. Ms. Huang explained that a friend informed her that the Defendants printed the Copyrighted Work on a t-shirt without permission. *See* Exhibit 5. Ms. Huang requested that the Defendants send her the receipts for all sales from the Infringing Apparel.

29. On July 24, 2014, Leibel responded to Ms. Huang's July 23, 2014 email, in part, as follows: "We did not know where [the Copyrighted Work] originated from until I came across it on Etsy months later and contacted you immediately, however we had a few accounts interested in that shirt. In the meantime, we altered the graphic significantly…As you can see, it is different. We do not copy artwork, but are inspired by great artists like yourself who post their work online. And unfortunately this mixup occurred…Things like this happen everyday when you do not watermark or trademark. Im sure you have encountered this before." *Id.*

5

30. The bottom line is that the Defendants unquestionably had knowledge of Ms. Huang's Copyrighted Work and used the artwork on its apparel anyways.

31. The Defendants' sale of the Infringing Apparel has garnered a significant amount of attention in the media, particularly in the fashion industry. *See* Group Exhibit 6, select press mentions.

32. The Infringing Apparel is available for sale in a number of online outlets. *See* Group Exhibit 7, screenshots of online retailers selling the Infringing Apparel.

33. Shortly after receiving the communication from the Defendants set forth in Paragraph 28, Ms. Huang retained counsel, and this suit followed.

34. Artists, such as Ms. Huang, are deprived of income when their work is unlawfully copied and sold, or when their copyrights are otherwise infringed upon, which can and has caused serious financial and creative harm to Ms. Huang.

**COUNT I -- COPYRIGHT INFRINGEMENT**
**(HUANG AGAINST A FINE LINE APPAREL LLC)**

35. Ms. Huang alleges and incorporates paragraphs one (1) through thirty-four (34) as though fully alleged herein.

36. This is a count for direct copyright infringement against A Fine Line, who violated the Copyright Act by infringing upon Ms. Huang's exclusive rights to produce, reproduce, sell, distribute, transfer ownership, and/or authorize a sale to the public of the Copyrighted Work.

37. Ms. Huang owns the Copyrighted Work set forth in Exhibit 1 and reflected by the application for registration in Exhibit 2.

38. The Copyrighted Work is wholly original to Ms. Huang and constitutes copyrightable subject matter.

39. Ms. Huang has complied in all respects with the provisions of the Copyright Laws of the United States, 17 U.S.C. §§ 101-810.

40. Ms. Huang has the exclusive rights and privileges provided for in the Copyright Act.

41. Ms. Huang has applied for or secured copyright registration of the Copyrighted Work with the United States Copyright Office. A true and correct copy of the submitted application for Ms. Huang's copyright registration is attached hereto as Exhibit 2.

42. Ms. Huang is the sole owner of all rights, title and interest in and to the Copyrighted Work, which has never been assigned, licensed, or otherwise transferred to any of the Defendants.

43. Defendants had access to Ms. Huang's Copyrighted Work, and in fact communicated their access and specific knowledge of the Copyrighted Work to Ms. Huang on more than one occasion.

44. Defendants have infringed upon Ms. Huang's Copyrighted Work by infringing upon her exclusive right to produce, reproduce, distribute, transfer ownership, and/or authorize a sale to the public of the Copyrighted Work.

45. Specifically, beginning on an unknown date, and continuing at least until the date of this filing, the Defendants have infringed upon Ms. Huang's Copyrighted Work by copying Ms. Huang's work by placing it on A Fine Line's apparel and selling and/or distributing that apparel to retail stores and others.

46. The Defendants' infringing conduct and activity was and continues to be willful and for the purpose of financial gain.

47. The Infringing Apparel, at an absolute minimum, is substantially similar to the Copyrighted Work, and in fact, is nearly identical to Ms. Huang's Copyrighted Work.

48. The Defendants knew or should have known that their copying, distribution and/or sale of the Infringing Apparel was unauthorized and illegal, and/or without the permission, license or consent of Ms. Huang.

49. The Defendants' actions described above have caused and will continue to cause irreparable harm and damage to Ms. Huang, for which Ms. Huang has no remedy at law.

50. Unless the Defendants are restrained by this Court from continuing to infringe upon Ms. Huang's Copyrighted Work, these injuries will continue to occur in the future.

WHEREFORE, Ms. Shawna X. Huang seeks entry of relief as follows:

1. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

2. An accounting and disgorgement of the Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Infringing Apparel with documents related to all of the purchases and sales;

3. An Order requiring the Defendants to pay Ms. Huang such damages as Ms. Huang has sustained as a consequence of the Defendants' unlawful acts as alleged above, including actual damages and/or statutory damages, at Ms. Huang's election, pursuant to 17 U.S.C. §502;

4. An Order enjoining the Defendants from further infringing upon Ms. Huang's Copyrighted Work, pursuant to 17 U.S.C. §502;

5. An Order requiring the Defendants to deliver for destruction all products, packaging, labels, literature, advertising and other material bearing imitations or reproductions, including similar variations of, Ms. Huang's Copyrighted Work pursuant to 17 U.S.C. §503;

6. An Order enjoining all retailers in this District and, to the extent permitted by law, other Districts, from further selling the Infringing Apparel and/or an Order requiring the Defendants to notify all of the retailers selling the Infringing Apparel of this Order;

7. For prejudgment interest at the applicable rate;

8. Punitive damages;

9. For attorneys' fees costs and costs of suit pursuant to 17 U.S.C. §505; and

10. For such other and further relief the Court deems proper.

### COUNT II – VICARIOUS COPYRIGHT INFRINGEMENT
### (HUANG AGAINST ALISIA LEIBEL)

51. Ms. Huang realleges paragraphs one (1) through fifty (50) as though they were alleged herein.

52. This is a count for vicarious copyright infringement against Alisia Leibel, who had the right and ability to supervise the infringing action of A Fine Line, who she supervised, and Ms. Leibel's ability coalesce with an obvious and direct financial interest in the exploitation of the Copyrighted Work.

53. Alisia Leibel had the right and ability to supervise the infringing action of A Fine Line as alleged in Count I and throughout this Complaint, and that right and ability coalesces with an obvious and direct financial interest she had in the exploitation of the Copyrighted Work. As a result, Ms. Leibel is liable for vicarious copyright infringement.

54. The Defendants' actions described above have caused and will continue to cause irreparable harm and damage to Ms. Huang, for which Ms. Huang has no remedy at law.

55. Unless the Defendants are restrained by this Court from continuing to infringe upon Ms. Huang's Copyrighted Work, these injuries will continue to occur in the future.

56. Ms. Huang is accordingly entitled to injunctive relief restraining all Defendants from further infringement.

WHEREFORE, Ms. Shawna X. Huang seeks entry of relief as follows:

11. Damages and/or restitution according to proof at trial, including exemplary damages where authorized by statute;

12. An accounting and disgorgement of the Defendants' profits, gains, and advantages realized from their unlawful conduct, including a reconciliation of purchases and sales of the Infringing Apparel with documents related to all of the purchases and sales;

13. An Order requiring the Defendants to pay Ms. Huang such damages as Ms. Huang has sustained as a consequence of the Defendants' unlawful acts as alleged above, including actual damages and/or statutory damages, at Ms. Huang's election, pursuant to 17 U.S.C. §502;

14. An order enjoining the Defendants from further infringing upon Ms. Huang's Copyrighted Work, pursuant to 17 U.S.C. §502;

15. An Order requiring the Defendants to deliver for destruction all products, packaging, labels, literature, advertising and other material bearing imitations or reproductions, including similar variations of, Ms. Huang's Copyrighted Work pursuant to 17 U.S.C. §503;

16. An Order enjoining all retailers in this District and, to the extent permitted by law, other Districts, from further selling the Infringing Apparel and/or an Order requiring the Defendants to notify all of the retailers selling the Infringing Apparel of this Order;

17. For prejudgment interest at the applicable rate;

18. Punitive damages;

19. For attorneys' fees costs and costs of suit pursuant to 17 U.S.C. §505; and

20. For such other and further relief the Court deems proper.

Respectfully Submitted,

Vivek Jayaram, Esq.<br>
Jayaram Law Group, Ltd.<br>
33 N. LaSalle Street<br>
Suite 2900<br>
Chicago, IL 60602<br>
vivek@jayaramlaw.com<br>
Tel: 312.454.2859<br>
Fax: 312.624.7701<br>
Counsel for Shawna X. Huang

## VERIFICATION

I, Shawna X. Huang, the Plaintiff, have read the foregoing Verified Complaint and hereby declare under penalty of perjury and in accordance with 28 U.S.C. §1746 that the facts alleged therein regarding the Plaintiff are true and correct of my own knowledge and that the facts alleged therein respecting the Defendants were obtained from investigation by myself, counsel, and other persons whom I believe are reliable and capable of ascertaining those facts, and on the basis of those diligent investigations, are to the best of my information and belief true.

Executed this 4th day of August, 2014 at Chicago, Illinois

_____
Shawna X. Huang